# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Rodney Hosino,

                Petitioner

v.

Tim Garrett, et al.,

                Respondents

Case No. 2:21-cv-02234-GMN-VCF

**Order Directing Response to Petition**

Petitioner Rodney Hosino brings this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2016 Nevada state-court convictions for lewdness with a minor under 14 and sexual assault with a minor under 14[1] and has paid the filing fee.[2] Having completed a preliminary review of the petition under Habeas Rule 4, the Court will direct the Clerk of Court to docket it[3] and serve it on respondents.

**IT IS THEREFORE ORDERED** that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents; and

---

[1] ECF No. 1-1.

[2] ECF No. 5.

[3] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably in a motion to amend his petition to add the claim.

- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents, and **PROVIDE** respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that **respondents must file a response to the petition within 60 days of service of the petition. Petitioner will then have 60 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

4. Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

5. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

6. LR IC 2-2(g)'s paper-copies rule is waived for this matter, so paper copies of electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: January 18, 2022

_____
U.S. District Judge Gloria M. Navarro