# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Rodney Hosino,<br><br>　　　　　　Petitioner<br>　　v.<br>Tim Garrett, et al.,<br><br>　　　　　　Respondents | Case No.  2:21-cv-02234-GMN-VCF<br><br>**Order** |

　　　In this habeas corpus case under 28 U.S.C. § 2254, respondents have filed a motion to dismiss in response to petitioner Rodney Hosino's petition for writ of habeas corpus. ECF No. 12.  Respondents argue that two of Hosino's grounds for relief (Grounds 4 and 6) are duplicative and that another (Ground 7) fails to state a cognizable claim for habeas relief.  Hosino has not responded to the motion.  For reasons that follow, the motion is granted.

　　　1. Grounds 4 and 6

　　　In Ground 4, Hosino alleges he received ineffective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendment, because his trial counsel did not communicate with him or allow him to be part of his defense.  Respondents argue that Ground 6 raises the same claim as Ground 4 and that, therefore, one of the grounds should be dismissed.

　　　The claims in Hosino's federal petition parallel to the claims he raised on appeal in in his state post-conviction proceeding. See ECF No. 25-1.  In one section of his state appellate brief, he argued that trial counsel was ineffective by failing to properly communicate with him. *Id*. at

30-31.  This is the claim he now raises as Ground 4 in his federal petition.  In another section of his brief, he argued that trial counsel was ineffective for reasons identified in the pro se petition for writ habeas corpus that Hosino filed prior to being appointed counsel, which included trial counsel's failure to communicate and failure to investigate. *Id*. at 34-37.  In yet another section, he argued that he was entitled to relief due to cumulative error. *Id*. at 37-38.  Ground 6 of Hosino's federal petition is a combination of these two sections of the brief.

The Nevada Supreme Court addressed counsel's alleged failure to communicate and failure to investigate as a unified claim. ECF No. 25-9 at 5.  Because Hosino's claim in Ground 4 premised on the former is encompassed in Ground 6, this court agrees that Ground 4 can be dismissed.  Ground 6 remains as a claim raising counsel's alleged failure to investigate in addition to counsel's alleged failure to communicate.  The dismissal of Ground 4 does not prejudice Hosino as it does not limit the allegations and evidence the court will consider in addressing Ground 6 on the merits.  The court will consider cumulative error separately if necessary. *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002).

    2. <u>Ground 7</u>

In Ground 7, Hosino claims that he is entitled to an evidentiary hearing.  Respondents are correct that this is not a cognizable claim for federal habeas relief.  A habeas claim must "state facts that point to a 'real possibility of constitutional error.'" Habeas Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  A request for an evidentiary hearing is not a substantive constitutional claim and must be brought as a separate motion.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 12) is GRANTED.  Grounds 4 and 7 of the petition for writ of habeas corpus (ECF No. 7) are dismissed.

IT IS FURTHER ORDERED that respondents' motion for extension of time (ECF No. 9) and motion to seal (ECF No. 27) are GRANTED *nunc pro tunc* as of their respective filing dates.

IT IS FURTHER ORDERED that respondents have 60 days from the date this order is entered to file an answer responding to the remaining claims in the petition (ECF No. 7). In all other respects, the briefing schedule in the January 18, 2022, order (ECF No. 6) remains in effect

Dated: November 9, 2022

_____
U.S. District Judge Gloria M. Navarro