UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rodney Hosino,<br><br>                          Petitioner<br>    v.<br><br>Tim Garrett, et al.,<br><br>                          Respondents | Case No. 2:21-cv-02234-GMN-VCF<br><br>**Order** |

## I.    INTRODUCTION

This case is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 brought by Rodney Hosino, a prisoner at Lovelock Correctional Center in Nevada. For the reasons set forth herein, the Court will deny Hosino's habeas petition.

## II.    BACKGROUND

Hosino alleges constitutional violations relating to a Judgment of Conviction in the Eighth Judicial District Court for Clark County, Nevada, finding him guilty of 10 counts of Lewdness with a Child under the Age of 14 and 10 counts of Sexual Assault with a Minor under Fourteen Years of Age. ECF No. 23-8. Evidence presented at trial established that Hosino began inappropriately touching the victim (his stepdaughter) when she was around nine years old, then progressed to committing various sexual acts with her that included fellatio, cunnilingus, and sexual intercourse. ECF No. 23-23 at 3-4. The state district court imposed an aggregated

sentence of life with the possibility of parole after 40 years. ECF No. 23-8.  Hosino appealed. ECF No. 23-9.

On appeal, Hosino raised two claims challenging the sufficiency of the evidence and one claim of ineffective assistance of counsel (IAC) for failing to adequately challenge the admission of bad acts evidence. ECF No. 23-18.  In affirming the Judgment of Conviction, the Nevada Court of Appeals rejected the sufficiency of the evidence claims and declined to consider the IAC claim because such claims are not considered on direct appeal unless the district court has held an evidentiary hearing or an evidentiary hearing would be needless. ECF No. 23-23.

Hosino then filed a state habeas petition. ECF No. 23-26.  The state district court appointed counsel and allowed Hosino to file a supplement to his petition. ECF No. 24-5.  In the supplement, Hosino raised several IAC claims, challenging the performance of both trial and appellate counsel. ECF No. 24-8.  The court denied the petition. ECF No. 24-17.  On appeal, Hosino argued that the lower court erred in denying his IAC claims and by failing to hold an evidentiary hearing. ECF No. 25-1.  The Supreme Court of Nevada affirmed the denial of the IAC claims, concluding for each that an evidentiary hearing was not warranted. ECF No. 25-9.

Hosino initiated this federal habeas proceeding in December 2021. ECF No. 1.  Respondents moved to dismiss portions of the petition. ECF No. 12.  This Court granted the motion to dismiss, in part, finding that Grounds 4 and 6 are duplicative and that Ground 7 fails to state a claim for relief. ECF No. 30.  Thus, the Court dismissed Grounds 4 and 7. *Id*.

In May 2023, Respondents filed an Answer addressing the merits of Hosino's remaining claims. ECF No. 35.  Hosino did not file a reply.

\ \ \

\ \ \

## III. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The standard of review under AEDPA is set forth at 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Emil v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the

benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller-El*, 537 U.S. at 340 ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

**IV.    DISCUSSION**

Hosino's remaining claims allege that his custody violates his constitutional rights because his trial and appellate counsel deprived him of effective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id*. at 687-88. Under the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The right to effective assistance of counsel includes the right to effective assistance of appellate counsel on a first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Claims of ineffective assistance of appellate counsel are governed by the *Strickland* standard. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

The reviewing court need not consider the performance component before the prejudice component "or even address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697.

**A.    Ground 1**

In Ground 1, Hosino alleges he was provided ineffective assistance of counsel due to his appellate counsel's failure to raise as an issue on appeal the trial court's denial of a meritorious challenge for cause and his trial counsel's failure to ensure that an impartial jury heard his case. ECF No. 7 at 3. During voir dire, a juror (Juror 123) disclosed in a bench conference that she had been sexually abused by her father from age 6 to 11, which she never disclosed to anyone or reported to the police. ECF No. 17-1 at 161. The trial court allowed the State and defense counsel to traverse Juror 123 about her suitability to serve on the jury. *Id*. at 163-64. Defense counsel challenged the juror for cause, but the trial court denied the challenge. *Id*. at 166-67. Hosino contends that effective appellate counsel would have argued on appeal that the trial court

5

erred by doing so. ECF No. 7-1 at 36-38.  He also alleges that effective trial counsel would have used a peremptory challenge to remove Juror 123 from the jury. *Id*. at 38-39.

The Supreme Court of Nevada rejected this argument in Hosino's post-conviction proceeding. ECF No. 25-9 at 3.  After correctly identifying *Strickland* as the governing federal law standard, the court held:

> [A]ppellant argues that appellate counsel should have challenged the district court's denial of a for-cause challenge to remove a juror because she was a sexual abuse survivor.  He also argues that trial counsel should have used a peremptory challenge to remove the same juror.  Appellant fails to demonstrate deficient performance or prejudice.  The record does not support a conclusion that the juror's "views would prevent or substantially impair the performance of [her] duties as a juror in accordance with [her] instructions and [her] oath." *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) (quoting *Leonard v. State*, 117 Nev. 53, 65, 17 P.3d 397, 405 (2001) (internal quotations omitted)), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017).  The juror advised the court of her experiences, counsel and the district court inquired about possible bias, and she stated that she could be impartial. Because appellant has not demonstrated that the juror was biased, he did not demonstrate a reasonable probability of a different outcome on appeal had counsel challenged the district court's ruling on the cause challenge or a reasonable probability of a different outcome at trial had counsel sought to remove the juror with a peremptory challenge. *See Preciado v. State*, 130 Nev. 40, 44, 318 P.3d 176, 178 (2014) (concluding that failure to strike a juror only reversible if the error "result[ed] in an unfair empaneled jury"); *Blake v. State*, 121 Nev. 779, 796, 121 P.3d 567, 578 (2005) (concluding that appellant not denied right to impartial jury so long as "the jury actually seated [was] impartial").  Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

*Id*.

In response to questioning by the trial court, Juror 123 affirmed that she would be fair and impartial and judge the case solely on the evidence presented in court. ECF No. 17-1 at 167-68.  She also stated that, if she were the defendant in the case, she would be comfortable having a juror like her on the case. ECF No. 17-1 at 168.  A state court's finding that a juror is impartial is entitled to significant deference. *Patton v. Yount*, 467 U.S. 1025, 1037 n.12 (1984) (holding that

habeas courts owe special deference to state court's determination that juror is impartial) (citations omitted); *see also Tinsley v. Borg*, 895 F.2d 520, 525 (9th Cir. 1990) ("The findings of state trial and appellate courts on juror impartiality entitled to 'high measure of deference.' ") (quoting *Rushen v. Spain*, 464 U.S. 114, 120 (1983)).

To prevail on direct appeal, appellate counsel would have had to show that Juror 123 equivocated about her impartiality or that she was unfair or biased. *See Preciado*, 318 P.3d at 177; *Blake*, 121 P.3d at 578. Because the record does not support a finding that either was the case, counsel did not perform below constitutional standards by deciding not to raise the issue on appeal. Indeed, the Supreme Court has recognized "the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).

With respect to trial counsel's effectiveness, the state court record before this Court shows that each party was allowed 9 peremptory challenges, but it does not show which potential jurors Hosino's counsel chose to remove. ECF No. 18-1 at 71-74. Presumably, he determined that Juror 123 was not worthy of a challenge compared to the 9 potential jurors he removed. In any case, Hosino has not established that his counsel's decision to exercise his challenges on potential jurors other than Juror 123 fell below an objective standard of reasonableness.[1] Moreover, "[e]stablishing *Strickland* prejudice in the context of juror selection requires a showing that, as a result of trial counsel's failure to exercise peremptory challenges, the jury panel contained at least one juror who was biased." *Davis v. Woodford*, 384 F.3d 628, 643 (9th Cir. 2004) (citing *United States v. Quintero–Barraza*, 78 F.3d 1344, 1349 (9th

---

[1] The record indicates that one party chose not to exercise one of its challenges but does not identify which party. ECF No. 18-1 at 72. Hosino has not shown that it was the defense.

Cir.1995)). And, as the court in *Quintero–Barraza* noted, "[t]he Supreme Court has suggested that the relevant test for determining whether a juror is biased is 'whether the juror[ ] ... had such fixed opinions that [he] could not judge impartially the guilt of the defendant.'" *Quintero–Barraza*, 78 F.3d at 1349 (quoting *Yount*, 467 U.S. at 1035) (alterations in original). Hosino has made no showing that Juror 123 fit this description.

Because Hosino has not satisfied either prong of the *Strickland* test for either appellate counsel or trial counsel, the state court's rejection of Ground 1 withstands scrutiny under § 2254(d). Thus, habeas relief "shall not be granted" for the claim. 28 U.S.C. § 2254(d). Ground 1 is denied.

**B.     Ground 2**

In Ground 2, Hosino alleges he was provided ineffective assistance of counsel due to his appellate counsel's failure to challenge the admission of prejudicial bad act information on direct appeal. ECF No. 7 at 5. Prior to trial, the State filed a motion to admit evidence that Hosino's sexual abuse continued after the victim and her family moved from Las Vegas to the Hawaiian Islands. ECF No. 14-6. Hosino's counsel filed an opposition to the motion. ECF No. 14-7. After holding an evidentiary hearing, the state district court granted the motion upon finding that (1) the acts that "took place in Hawaii are relevant for non-propensity purposes," (2) that there was "clear and convincing evidence that those acts took place both on Oahu and on the Big Island over the period of time from when [Hosino and the victim] moved from Las Vegas to Hawaii … until eventually [Hosino] and [the victim's] mom finally separated," and (3) that the probative value of the evidence was not outweighed by the potential for unfair prejudice. ECF No. 14-10 at 65-67.

On direct appeal, appellate counsel argued that "trial counsel was ineffective for failing

8

to raise 'significant and contentious' challenges to the State's proffered bad act evidence." ECF No. 23-23 at 4. Appellate counsel did not, however, challenge the trial court's decision to allow the evidence. Hosino claims that appellate counsel was ineffective in this regard because "[t]he prejudicial effect of the Hawaii evidence is overwhelming" and it is "likely that the jury determined that if Mr. Hosino committed any of the alleged Hawaii acts, he should in turn be convicted of the Nevada acts." ECF No. 7-1 at 15.

The Supreme Court of Nevada rejected this argument in Hosino's post-conviction proceeding:

> [A]ppellant argues that appellate counsel should have argued that the district court erred in admitting evidence of uncharged sexual offenses that allegedly occurred in Hawaii. We conclude that this claim lacks merit because such evidence is admissible in a prosecution for a sexual offense. NRS 48.045(3); *Franks v. State*, 135 Nev. 1, 4, 432 P.3d 752, 755 (2019). And appellate counsel is not ineffective for failing to raise futile arguments. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating that counsel is not ineffective for failing to make futile objections). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

ECF No. 25-9 at 4.

In 2015, the Nevada Legislature amended Nevada's evidence code by adding a new rule for sexual offense cases (Nev. Rev. Stat. § 48.045(3)) that provided an exception to the restriction on evidence of similar bad conduct for purposes of showing propensity. *Franks*, 432 P.3d at 755. The decision in *Franks* clarified that, in criminal prosecutions for sexual offenses, Nev. Rev. Stat. § 48.045(3) "allows for the admission of evidence of a prior bad act constituting a sexual offense 'to prove the character of a person in order to show that the person acted in conformity therewith' that would otherwise be barred under [Nev. Rev. Stat. § 48.045(2)." *Id*. *Franks* also held that the amendment applied to trials commencing after October 1, 2015, even if the charged offenses occurred prior to that date. *Id*.

Because Hosino's trial took place in September 2016, the trial court was not even required to conduct the evidentiary hearing prior to admitting evidence of non-charged sexual acts. *See id*. at 756. Instead, the only conditions for admission were (1) a proffer from the State explaining how the non-charged offense "is relevant to the charged offense, i.e., tends to make it more probable that the defendant engaged in the charged conduct;" (2) a preliminary finding by the district court that the non-charged sexual offense "is relevant for propensity purposes, and that a jury could reasonably find by a preponderance of the evidence that the bad act constituting a sexual offense occurred;" and (3) a determination by the district court that the bad act evidence is not unfairly prejudicial. *Id*.

Hosino has not established that the bad act evidence in his case was not admissible under this lower standard. The evidence of the sexual offenses in Hawaii was not only relevant for propensity purposes, it also provided important context for the offenses that occurred in Nevada and completed the story of Hosino's progressively more serious criminal conduct with the victim. Hosino's sexual abuse came to light when the victim's stepmother found her journal when the victim was 14 years old, at least three years after the family had moved from Las Vegas to Hawaii. ECF No. 18-3 at 18, 37. Without the evidence of the sexual offenses in Hawaii, the circumstances surrounding the journal would not have made sense to the jury, and the jury would have been left to question what happened between Hosino and the victim during those three years. *See* Nev. Rev. Stat. § 48.035(3) (providing for the admission of evidence of acts or crimes closely related to a crime charged when necessary to describe the crime charged); *Shade v. State*, 900 P.2d 327, 331 (Nev. 1995) ("If the Court determines that testimony relevant to the charged crime cannot be introduced without reference to the uncharged acts, it must not exclude the evidence of the uncharged acts."). And, while the evidence was prejudicial, it was

10

not *unduly* prejudicial. *See United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) (recognizing that all evidence tending to prove the prosecution's case is prejudicial but "such evidence can amount to a constitutional violation only if its prejudicial effect far outweighs its probative value"). Moreover, the trial court mitigated potential prejudice by instructing the jury that the evidence "may not be considered by you to prove that [the defendant] is a person of bad character or [to prove] that he has a disposition to commit crimes," but instead "may be considered by you only for the limited purpose of proving the defendant's motive, common scheme or plan, or absence of mistake or accident."[2] ECF No. 19-2 at 54.

Thus, the Supreme Court of Nevada's decision denying the appellate IAC claim is entitled to deference under § 2254(d). The court applied the correct federal law standard. *Id*. at 2. Its conclusion that counsel was not ineffective was not objectively unreasonable because Nevada law at the time of Hosino's trial clearly permitted admission of the evidence in question. Ground 2 is denied.

**C.   Ground 3**

In Ground 3, Hosino alleges he was provided ineffective assistance of counsel due to his trial counsel's failure to object to the jury being shown a jail booking photo and his appellate counsel's failure to raise the admission of the photo as an issue on appeal. ECF No. 7 at 7. During the State's direct examination of a police detective, the State introduced what the detective identified as "a booking photo of Mr. Hosino." ECF No. 22-2 at 26. Defense counsel did not object to the admission of the photo as an exhibit. *Id*. at 26-27. Hosino claims effective counsel would have objected because the photo was not relevant and prejudicial. ECF No. 7-1 at

---

[2] In light of the *Franks* decision, this instruction was no longer necessary at the time of Hosino's trial. *See Franks*, 432 P.3d at 757 n.3.

44-45. He further argues that appellate counsel should have raised on appeal the irrelevant and prejudicial nature of this photo. *Id*.

The Supreme Court of Nevada rejected this argument in Hosino's post-conviction proceeding:

> [A]ppellant argues that trial and appellate counsel should have challenged the introduction of a booking photograph. While we question what relevance this evidence had given that identity was not at issue, appellant nevertheless fails to demonstrate deficient performance or prejudice because neither trial nor appellate counsel neglected to raise meritorious challenges. The booking photograph was introduced during testimony that clearly indicated it represented how appellant appeared when he was taken into custody on the instant charges and prior criminal activity could not be inferred from it. *See Browning v. State*, 120 Nev. 347, 358, 91 P.3d 39, 47 (2004) (concluding that a mug shot "had no appreciable prejudicial effect since jurors had no reason to assume that it has been taken in any other case bit the one for which [appellant] as being tried"); *cf. Manning v. Warden*, 99 Nev. 82, 86, 659 P.2d 847, 850 (1983) (referencing criminal history is improper if "a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." (quoting *Commonwealth v. Allen*, 292 A.2d 373, 375 (Pa. 1972))). Appellant has not demonstrated a reasonable probability that the results of the trial or appeal would have been different had counsel challenged the booking photograph considering the overwhelming evidence of guilt. Accordingly, the district court did not err in denying this claim without conducting an evidentiary hearing.

ECF No. 25-9 at 4-5.

Hosino has not established that the state court's decision was based on an unreasonable determination of the facts nor has he shown that the Supreme Court of Nevada's application of *Strickland* to his trial and appellate IAC claims was unreasonable. There is nothing about the photo to suggest that Hosino had a prior criminal record. *See United States v. Fosher*, 568 F.2d 207, 214 (1st Cir. 1978) ("Since it is the inference of prior criminal behavior created in the minds of the jurors which is sought to be avoided, the visual message conveyed by a photograph assumes heightened importance."). In fact, other than being a close-up of Hosino's face, the photo contains none of the typical hallmarks of a mug shot. ECF No. 24-8 at 27. Thus, while

this Court agrees with the Supreme Court of Nevada that the photo was of questionable relevance, it also agrees that it was not unfairly prejudicial.  Accordingly, this Court defers to the Supreme Court of Nevada's decision.  Ground 3 is denied.

**D.     Ground 5**

In Ground 5, Hosino alleges he was provided ineffective assistance of counsel due to his trial counsel's failure to object to two instructions used at his trial and his appellate counsel's failure to challenge the use of the instructions on direct appeal. ECF No. 7 at 11.  The trial court's instruction explaining reasonable included the following language:

> A reasonable doubt is one based on reason.  It is not mere possible doubt but is such a *doubt as would govern or control a person in the more weighty affairs of life*.  If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt.  Doubt to be reasonable must be *actual*, not mere possibility or speculation.

ECF No. 23-2 at 22 (italics added).  Hosino claims that the italicized terms minimized the State's burden of proof, thereby creating a reasonable likelihood that the jury would convict based on a lesser standard of proof that the Constitution requires. ECF No. 7-1 at 47-48.  The trial court also issued an instruction that read:

> Now you will listen to the arguments of counsel who will endeavor to aid you to reach a proper verdict by refreshing in your minds the evidence and by showing the application thereof to the law; but, whatever counsel may say, you will bear in mind that it is your duty to be governed in your deliberations by the evidence as you understand it and remember it to be and by the law as given to you in these instructions, with the sole, fixed and steadfast purpose of doing equal and exact justice between the Defendant and the State of Nevada.

ECF No. 23-2 at 33.  Hosino contends that informing the jury that it must provide equal and exact justice between the defendant and the State created a reasonable likelihood that the jury

13

would not apply the presumption of innocence to which he was entitled, again allowing the jury to convict based on a lesser standard of proof than the Constitution requires. ECF No. 7-1 at 49.

The Supreme Court of Nevada rejected this argument in Hosino's post-conviction proceeding:

> [A]ppellant argues that trial and appellate counsel should have challenged the reasonable doubt and equal-and-exact-justice instructions. The district court gave the reasonable doubt instruction mandated by NRS 175.211, and this court has repeatedly upheld the constitutionality of that instruction. *See, e.g., Chambers v. State*, 113 Nev. 974, 982-83, 944 P.2d 805, 810 (1997); *Evans v. State*, 112 Nev. 1172, 1190-91, 926 P.2d 265, 277 (1996); *Lord v. State*, 107 Nev. 28, 40, 806 P.2d 548, 556 (1991), *limited on other grounds by Summers v. State*, 122 Nev. 1326, 1331, 148 P.3d 778, 782 (2006). This court has also upheld the language in the equal-and-exact justice instruction. *See Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998). Accordingly, appellant cannot demonstrate that counsel omitted meritorious challenges. The district court therefore did not err in rejecting this claim without conducting an evidentiary hearing.

ECF No. 25-9 at 5-6.

Here again, the Supreme Court of Nevada's decision was a reasonable application of *Strickland*. The Ninth Circuit has concluded that Nevada's reasonable-doubt instruction is constitutional. *Ramirez v. Hatcher*, 136 F.3d 1209, 1211–15 (9th Cir. 1998). It has also held that the issue is not worthy of a certificate of appealability. *Nevius v. McDaniel*, 218 F.3d 940, 944–45 (9th Cir. 2000). While there is not similar Ninth Circuit case law supporting the "equal and exact justice" instruction, Hosino has not established a reasonable likelihood that the Supreme Court of Nevada would have deviated from its holding in *Leonard* in his case.

Thus, neither Hosino's trial nor his appellate counsel performed deficiently by not challenging the instructions, and Hosino was not prejudiced. The Supreme Court of Nevada's ruling on this claim was not contrary to, or an unreasonable application of *Strickland* or any other Supreme Court precedent. Ground 5 is denied.

### E.     Ground 6

In Ground 6, Hosino alleges he was provided ineffective assistance of counsel due to his trial counsel's failure to communicate with him and to investigate his case. ECF No. 7 at 12; ECF No. 23-26 at 12-14.  He claims that trial counsel visited him only three times and never for longer than ten minutes. ECF No. 23-26 at 12.  He further claims that he notified counsel of ten witnesses, including seven who resided with him and victim, who could have provided testimony in support of his defense, but counsel failed to interview them. *Id*. at 13.  He also contends that counsel failed to communicate a "settlement offer that the prosecutor presented prior to my trial." *Id*. at 14.

The Supreme Court of Nevada rejected this argument in Hosino's post-conviction proceeding:

> [A]ppellant argues that trial counsel failed to properly communicate with him and investigate his case.  Although appellant provides authority supporting his contention that counsel has a duty to communicate with a defendant, he does not assert how specific failures to communicate impacted his defense beyond improper references to his pro se petition. *See* NRAP 28(e)(2) (providing that "[p]arties shall not incorporate by reference briefs or memoranda of law submitted to the district court").  While his pleading below asserted times that counsel did not communicate with him or investigate certain witnesses, he has not alleged how more thorough communication would have affected the outcome of trial or identified the witnesses and anticipated testimony that counsel would have discovered with more investigation. *See Johnson v. State*, 133 Nev. 571, 577, 402 P.3d 1266, 1274 (2017) (requiring a petitioner to "specifically explain how his attorney's performance was objectively unreasonable").  Additionally, the record belies his claim that counsel failed to relay a plea offer to him.  The district court therefore did not err in rejecting this claim without conducting an evidentiary hearing.

ECF No. 25-9 at 5 (citation omitted).

The state court record supports the Supreme Court of Nevada's findings and conclusions. Absent from Hosino's pleadings is any explanation as to how additional communication with

15

counsel would have improved his chances of a better outcome at trial. ECF No. 23-26 at 12-13, ECF No. 24-8 at 17-18. With respect to counsel's failure to contact witnesses, Hosino identifies the victim's maternal grandmother as a possible witness, but does not indicate what testimony she would have been able to provide. ECF No. 23-6 at 13-14. Otherwise, Hosino fails to identify any potential witnesses, much less describe the nature of their possible testimony. *Id*., ECF No. 24-8 at 20-21. Thus, the Supreme Court of Nevada reasonably concluded that Hosino failed to show prejudice under *Strickland* in relation to counsel's alleged failure to communicate with him or investigate witnesses.

The record also shows that counsel did not fail to communicate a settlement offer to Hosino. At the outset of the trial, the court asked the parties whether there was a plea deal. ECF No. 16-1 at 3. The following exchange then took place:

> [Defense counsel]: I was going to put it on the record, Your Honor.
>
> The Court: Thank you.
>
> [Defense counsel]: Specifically, the State offered one count of sexual assault minor under the age of 14. Mr. Hosino declined that offer.
>
> The Court: Okay. All right. And, Mr. Hosino, it was your decision to reject that offer.
>
> The Defendant: Correct.

*Id*. Thus, the Supreme Court of Nevada reasonably concluded that Hosino failed to show deficient performance in relation to counsel's alleged failure to relay a plea offer.

An aspect of Ground 6 that the Supreme Court of Nevada did not address is Hosino's allegation that counsel was ineffective for failing to obtain child welfare records from Hawaii or Hosino's work and medical records. ECF No. 23-26 at 13. Here again, however, Hosino does

not substantiate the claim with any specific information about how the records would have helped his defense. *Id*.

In sum, the Supreme Court of Nevada's rejection of Ground 6 was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. Thus, the claim is denied. *See* 28 U.S.C. § 2254(d).

## V. CONCLUSION

For the reasons set forth above, Hosino's petition for habeas relief will be denied.

*Certificate of Appealability*

This is a final order adverse to a habeas petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in adjudicating Hosino's petition, the Court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Hosino's habeas claims.

IT IS THEREFORE ORDERED that Hosino's petition for writ of habeas corpus (ECF No. 7) is denied.  The Clerk shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 31 day of ___May___, 2024.

_____
U.S. District Judge Gloria M. Navarro